## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GENZYME CORPORATION,** | ) | |
| | ) | **Civil Action No. 10-CV-00112** |
| Plaintiff, | ) | |
| | ) | |
| | ) | **HONORABLE ROBERT M. DOW, JR.** |
| v. | ) | |
| | ) | |
| **COBREK PHARMACEUTICALS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Cobrek Pharmaceuticals, Inc. ("Cobrek") hereby provides its Answer, Affirmative Defenses and Counterclaims to respond to the Complaint of Plaintiff Genzyme Corporation ("Genzyme"), as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement.

RESPONSE:

Admitted.

### PARTIES

2.      Genzyme is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts, 02142.

RESPONSE:

Cobrek is without sufficient information as to the truth of the allegations of paragraph 2 and, therefore, denies those allegations.

3.      On information and belief, Cobrek is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 3315 Algonquin Road, Rolling Meadows, Illinois 60008.

RESPONSE:

Admitted.

### Jurisdiction And Venue

4.      This action arises under the patent laws of the United States of America.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

RESPONSE:

Admitted that there is jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denied that Cobrek committed any infringing acts.

5.      On information and belief, Cobrek is registered in Illinois as a foreign corporation, and has a principal place of business in the Northern District of Illinois.  In addition, Cobrek has previously ceded personal jurisdiction in this Court, and has availed itself of the legal protections of the Northern District of Illinois by filing counterclaims seeking judicial relief from this court in *Bone Care Inter'l LLC et al. v. Pentech Pharms., Inc. et al.*, Civil Action No. 08-cv-1083.  This Court has personal jurisdiction over Cobrek by virtue of, *inter alia*, the above-mentioned facts.

476981_1

RESPONSE:

Admitted.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c), and 28 U.S.C. §1400(b).

RESPONSE:

Admitted.

## Claim For Relief – Patent Infringement

7.      Genzyme holds approved New Drug Application ("NDA") No. 021-027 for Hectorol® injectable (2 µg/mL), which product contains the active ingredient doxercalciferol.

RESPONSE:

Admitted.

8.      Doxercalciferol is known as $1\alpha$-OH-vitamin $D_2$, 1-alpha-hydroxyvitamin $D_2$ and $1\alpha$-hydroxyergocalciferol.

RESPONSE:

Admitted.

9.      Hectorol® injectable was approved by the U.S. Food and Drug Administration ("FDA") on April 6, 2000, and is currently indicated for the treatment of secondary hyperparathyroidism in patients with chronic kidney disease on dialysis.

RESPONSE:

On information and belief, admitted.

10.     In a letter dated January 8, 2008, Pentech Pharmaceuticals Inc. ("Pentech") notified Genzyme that Pentech had submitted to the FDA Abbreviated New Drug Application

("ANDA") No. 90-040 under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use and/or sale of a generic product containing 2 µg/mL doxercalciferol.

RESPONSE:

Admitted that a copy of the January 8, 2008 letter was sent to the Genzyme offices located in Cambridge, Massachusetts and Middleton, Wisconsin, the latter facility was formerly known as Bone Care International, Inc.

11.     On information and belief, subsequent to January 8, 2008, Pentech contributed all of its interests in ANDA No. 90-040 to Cobrek.

RESPONSE:

Admitted.

12.     In response to Pentech's submission of its ANDA with a paragraph IV certification, Genzyme filed a patent infringement action against Pentech in this Court on February 21, 2008 (Civil Action No. 08-cv-1083), alleging patent infringement. The action set forth in the instant complaint is a related action to No. 08-cv-1083.

RESPONSE:

Admitted that Genzyme and Bone Care International, LLC ("Bone Care") filed a patent infringement action against Pentech in this Court on February 21, 2008 (Civil Action No. 08-cv-1083) and that this action, at least in part, is related to Civil Action No. 08-cv-1083, but denied that either Cobrek or Pentech committed any infringing acts.

13.     In April 2008, Genzyme submitted to the FDA (1) an amendment to NDA No. 021-027 seeking approval from the FDA to change the formulation and packaging configuration of its Hectorol® product; and (2) patent information for United States Patent Nos. 5,602,116 ("the '116 patent") and 7,148,211 ("the '211 patent') pursuant to 21 C.F.R. § 314.53.

RESPONSE:

Cobrek is without sufficient information as to the truth of the allegations of paragraph 13 and, therefore, denies those allegations.

14.     In a letter dated November 24, 2009, Cobrek notified Genzyme that it had submitted to the FDA Abbreviated New Drug Application ("ANDA") No. 90-040 under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use and/or sale of a generic product containing 2 µg/mL doxercalciferol ("Cobrek's Proposed Generic Product").

RESPONSE:

Admitted that the submission referenced in the November 24, 2009 letter was to Cobrek's amendment to existing ANDA No. 90-040 relating to a generic product containing doxercalciferol.

## Count I – Infringement Of The '116 Patent

15.     Genzyme repeats and realleges the allegations of paragraphs 1-14 as though fully set forth herein.

RESPONSE:

Cobrek repeats its responses to the allegations of Paragraphs 1-14 as though fully set forth herein.

16.     On February 11, 1997 the '116 patent, entitled "Method For Treating And Preventing Secondary Hyperparathyoidism" was duly and legally issued. The '116 patent claims a method for lowering or maintaining lowered serum parathyroid hormone in human patients suffering from hyperparathyroidism secondary to end stage renal disease by administering doxercalciferol. A copy of the '116 patent is attached hereto as Exhibit A.

RESPONSE:

Admitted that the '116 patent issued on February 11, 1997 as it is titled and that a copy of the '116 patent was attached to Genzyme's Complaint as Exhibit A. Denied that the '116 patent was duly and legally issued.

17.     Genzyme is the owner of the '116 patent.

RESPONSE:

Cobrek is without sufficient information as to the truth of the allegation of paragraph 17 and, therefore, denies that allegation.

18.     On information and belief, Cobrek submitted its ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Cobrek's Proposed Generic Product before the expiration of the '116 patent.

RESPONSE:

Admitted that Pentech submitted the ANDA to the FDA and Cobrek submitted the amendment to the ANDA that is referenced in the November 24, 2009 letter, *supra*.

19.     By filing the ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Cobrek's Proposed Generic Product before the expiration of the '116 patent, Cobrek has committed an act of infringement under 35 U.S.C. §271(e)(2). Further, the commercial manufacture, use, offer for sale, and/or importation of Cobrek's Proposed Generic Product will infringe one or more claims of the '116 patent.

RESPONSE:

Denied, since one cannot infringe an invalid patent, among other things. Further, Pentech had submitted the ANDA to the FDA and Cobrek submitted the amendment to ANDA that was referenced in the November 24, 2009 letter, *supra*.

20.     On information and belief, Cobrek made, and included in its ANDA, a certification pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV), which states that, in Cobrek's opinion, the claims of the '116 patent are invalid and unenforceable.

RESPONSE:

Admitted that the certification included in the ANDA states that in Pentech's opinion, the claims of the '116 patent are invalid, unenforceable and/or will not be infringed by its Proposed Generic Product. The certification that was included in the amendment to the ANDA that was referenced in the November 24, 2009 letter, *supra*, states that in Cobrek's opinion, the claims of the '116 patent are invalid, unenforceable and/or will not be infringed by Cobrek's Proposed Generic Product.

21.     The offer for sale and sale of Cobrek's Proposed Generic Product, if approved by the FDA, will induce infringement of, and be contributory infringement of, the '116 patent.

RESPONSE:

Subject to any claim construction ruling having a bearing on this issue, denied, at least since one cannot infringe an invalid patent.

22.     Cobrek had notice of the '116 patent prior to undertaking its acts of infringement.

RESPONSE:

Denied. Cobrek did not exist at the time the January 8, 2008 Paragraph IV Notice letter was sent to Genzyme and Bone Care. Denied that Cobrek committed any infringing act, at least, since one cannot infringe an invalid patent.

23.     Genzyme is entitled to the relief provided by 35 U.S.C. §271(e)(4), including an order of this Court that the effective date of any approval of the aforementioned ANDA relating to Cobrek's Proposed Generic Product be a date which is not earlier than February 11, 2014, the

expiration date of the '116 patent, and any other exclusivity to which Genzyme is or becomes

entitled, and an award of damages for any commercial sale or use of Cobrek's Proposed Generic

Product and any act committed by Cobrek with respect to the subject matter claimed in the '116

patent, which act is not within the limited exclusions of 35 U.S.C. §271(e)(1).

RESPONSE:

Cobrek denies that Genzyme is entitled to such relief.

## Count II – Infringement Of The '211 Patent

24.     Genzyme repeats and realleges the allegations of paragraphs 1-14 [sic] [1-23] as

though fully set forth herein.

RESPONSE:

Cobrek repeats its responses to the allegations of Paragraphs 1-23 as though

fully set forth herein.

25.     On December 12, 2006 the '211 patent, entitled "Formulation For Lipophilic

Agents" was duly and legally issued.   The '211 patent claims parenteral formulations of

doxercalciferol; a non-ionic solubilizer which is polysorbate 20 and a lipophilic antioxidant

which is butylated hydroxytoluene and which are present within a range of concentration; an

optional agent which is ethanol; and an aqueous vehicle.   A copy of the '211 patent is attached

hereto as Exhibit B.

RESPONSE:

Admitted that the '211 patent issued on December 12, 2006 as it is titled and that a copy

of the '211 patent is attached to Genzyme's Complaint as Exhibit B.   Denied that the '211 patent

was duly and legally issued and denied that the '211 patent claims are as broad as set forth in

paragraph 25.

8

26.     Genzyme is the owner of the '211 patent.

RESPONSE:

Cobrek is without sufficient information as to the truth of the allegation of paragraph 26 and, therefore, denies that allegation.

27.     On information and belief, Cobrek submitted its ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Cobrek's Proposed Generic Product before the expiration of the '211 patent.

RESPONSE:

Denied.  Cobrek submitted an amendment to an existing ANDA before the expiration of the '211 patent.  The ANDA submitted by Pentech and referenced in the January 8, 2008 letter did not include any reference to the '211 patent because, at the time of ANDA submission, the '211 patent was not listed in the Orange Book for Hectorol®.

28.     By filing the ANDA for the purpose of obtaining approval to engage in the commercial manufacturer, use, and/or sale of Cobrek's Proposed Generic Product before the expiration of the '211 patent, Cobrek has committed an act of infringement under 35 U.S.C. §271(e)(2).  Further, the commercial manufacture, use, offer for sale, sale and/or importation of Cobrek's Proposed Generic Product will infringe one or more claims of the '211 patent.

RESPONSE:

Denied, at least since one cannot infringe an invalid patent, as determined by the United States Patent and Trademark Office ("USPTO") in a communication dated November 25, 2009 and in a communication entitled "Action Closing Prosecution" dated April 24, 2010 in Reexamination Control No. 95001245 ("Reexamination Communications").  Further, the ANDA submitted by Pentech and referenced in the January 8, 2008 letter did not include any reference

9

to the '211 patent because, at the time, the '211 patent was not listed in the Orange Book for Hectorol®. Cobrek submitted an amendment to the existing ANDA before the expiration of the '211 patent.

29.     On information and belief, Cobrek made, and included in its ANDA, a certification pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV), which states that, in Cobrek's opinion the claims of the '211 patent are invalid and unenforceable.

RESPONSE:

Admitted that the certification included in the amendment to ANDA that was referenced in the November 24, 2009 letter states that in Cobrek's opinion, the claims of the '211 patent are invalid, unenforceable and/or will not be infringed by Cobrek's Proposed Generic Product. The ANDA submitted by Pentech and referenced in the January 8, 2008 letter did not include any certification or reference to the '211 patent because, at the time of the ANDA submission, the '211 patent was not listed in the Orange Book for Hectorol®.

30.     On information and belief, Cobrek's ANDA seeks approval to manufacture and sell Cobrek's Proposed Generic Product, which product infringes the '211 patent.

RESPONSE:

Denied, at least since one cannot infringe an invalid patent as determined by the USPTO in the November 25, 2009 and April 24, 2010 Reexamination Communications.

31.     Cobrek had notice of the '211 patent prior to undertaking its acts of infringement.

RESPONSE:

Admitted that Cobrek had knowledge of the '211 patent at the time Cobrek submitted the amendment to existing ANDA referenced in the November 24, 2009 letter. Denied that Cobrek had "notice." Denied that there were acts of infringement, at least, since one cannot infringe an

10

invalid patent as determined by the USPTO in the November 25, 2009 and April 24, 2010 Reexamination Communications.

32.     Genzyme is entitled to the relief provided by 35 U.S.C. §271(e)(4), including an order of this Court that the effective date of any approval of the aforementioned ANDA relating to Cobrek's Proposed Generic Product be a date which is not earlier than September 14, 2023, the expiration date of the '211 patent, and any other exclusivity to which Genzyme is or becomes entitled, and an award of damages for any commercial sale or use of Cobrek's Proposed Generic Product and any act committed by Cobrek with respect to the subject matter claimed in the '211 patent which act is not within the limited exclusions of 35 U.S.C. §271(e)(1).

RESPONSE:

Cobrek denies that Genzyme is entitled to such relief.

## AFFIRMATIVE DEFENSES

1.     The '116 patent would not be infringed by Cobrek's commercial manufacture, use, offer for sale, sale and/or importation of its product covered by ANDA No. 90-040, at least, since an invalid and/or unenforceable patent cannot be infringed.

2.     The '211 patent would not be infringed by Cobrek's commercial manufacture, use, offer for sale, sale and/or importation of its product covered by ANDA No. 90-040, at least, since an invalid and/or unenforceable patent cannot be infringed.  In the November 25, 2009 and April 24, 2010 Reexamination Communications, the USPTO found the claims of the '211 patent invalid.

3.     Genzyme has failed to state a claim upon which relief may be granted.

4.      The '116 and '211 patents would not be infringed by a product made in accordance with ANDA No. 90-040, at least, since an invalid and/or unenforceable patent cannot be infringed.

5.      The '116 and '211 patents are invalid under 35 U.S.C. §100, *et seq.*

6.      The '116 and '211 patents are invalid under 35 U.S.C. §102.

7.      The '116 patent is obvious over the prior art under 35 U.S.C. §103 and, thus, invalid.

8.      The '211 patent is obvious over the prior art under 35 U.S.C. §103 and, thus, invalid, *e.g.,* as found by the USPTO in the November 25, 2009 and April 24, 2010 Reexamination Communications.

9.      The '116 and '211 patents are invalid under 35 U.S.C. §112.

## INEQUITABLE CONDUCT AS TO THE '116 PATENT

10.      The '116 patent is unenforceable due to multiple grounds of inequitable conduct by the named co-inventors and attorneys who prosecuted the '116 patent and its ancestor applications, because of affirmative misrepresentations of material fact, failure to disclose material information, unclean hands, and/or the submission of false material information, made with intent to deceive and defraud the USPTO during prosecution of the application that matured into the '116 patent and the related applications that matured into the ancestor patents of the '116 patent as set forth in Defendants' Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Second Amended Complaint for Patent Infringement in Civil Action No. 08-cv-1083 (Docket No. 227). Cobrek incorporates by reference herein, as if fully set forth herein, paragraph 8 entitled "Inequitable Conduct Allegations" under the "Affirmative Defenses" section of said pleading (Docket No. 227 at pages 8-59).

**WHEREFORE**, Cobrek requests that this Honorable Court:

(a)     Deny Genzyme all requested relief and dismiss the Complaint with prejudice;

(b)     Order that the effective date of the approval of ANDA No. 90-040 is immediate under §505(j) of the Federal Food and Cosmetic Act, 21 U.S.C. §355(j), upon a statement by the FDA that it is otherwise ready to approve the ANDA;

(c)     Declare that the '116 and '211 patents are not infringed;

(d)     Declare that the '116 patent is invalid;

(e)     Declare that the '211 patent is invalid at least for the reasons determined by the USPTO in the November 25, 2009 and April 24, 2010 Reexamination Communications;

(f)     Declare that the '116 patent is unenforceable;

(g)     Award Cobrek its attorneys' fees, expert witness fees, costs and interest under 28 U.S.C. §§ 1919 and 1927, Fed. R. Civ. P. 54(d) and/or the Court's inherent power; and

(h)     Cobrek further requests that this Court find that this case is exceptional under 35 U.S.C. §285 and award Cobrek its attorneys' fees, costs and all other relief this Court deems just.

## COUNTERCLAIMS

1.     Defendant, Counterclaim-Plaintiff Cobrek Pharmaceuticals, Inc. ("Cobrek") incorporates by reference herein its Answer, Affirmative Defenses and Counterclaims to the Complaint.

## THE PARTIES

2.     Counterclaim-Plaintiff Cobrek is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 3315 Algonquin Road, Rolling Meadows, Illinois 60008.

13

476981_1

3.      Counterclaim-Defendant Genzyme Corporation ("Genzyme") states that it is a Massachusetts corporation having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

## NATURE OF THE ACTION

4.      On information and belief, Genzyme holds approved New Drug Application ("NDA") No. 021-027 for Hectorol® injectable ($2\mu g/mL$), which product contains doxercalciferol.

5.      On information and belief, doxercalciferol is also known as $1\alpha$-OH-vitamin $D_2$, $1$-$\alpha$-hydroxyvitamin $D_2$, $1\alpha$-OH-$D_2$ and $1\alpha$-hydroxyergocalciferol.

6.      On information and belief, Hectorol® injectable was approved by the U.S. Food and Drug Administration ("FDA") on April 6, 2000, and is currently indicated for the treatment of secondary hyperparathyroidism in patients with chronic kidney disease on dialysis.

7.      On information and belief, among the patents that Genzyme had listed in the "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book" for Hectorol® are United States Patent Nos. 5,602,116 ("the '116 patent) and 7,148,211 ("the '211 patent").

8.      On February 11, 1997, the '116 patent issued, entitled "Method For Treating And Preventing Secondary Hyperparathyroidism."  On information and belief, the '116 patent claims a method for lowering or maintaining lowered serum parathyroid hormone in human patients suffering from hyperparathyroidism secondary to end stage renal disease by administering doxercalciferol.

9.      On December 12, 2006, the '211 patent issued, entitled "Formulation For Lipophilic Agents."

14

10.     Genzyme states that it is the owner of the '116 and '211 patents.

11.     Pentech Pharmaceuticals, Inc. ("Pentech") submitted to the FDA Abbreviated New Drug Application No. 90-040 ("ANDA") under 21 U.S.C. §355(j) seeking approval to engage in the commercial manufacture, use and/or sale of a generic product containing 2 μg/mL doxercalciferol ("Proposed Generic Product").

12.     Pentech's ANDA included certifications pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV) ("Paragraph IV Certifications"), which state that, in Pentech's opinion, the claims of the '116 patent, among others, are invalid, unenforceable, and/or will not be infringed by the manufacture, use or sale of Pentech's Proposed Generic Product. At the time, Pentech's ANDA did not include a Paragraph IV Certification to the '211 patent because when the Pentech ANDA was submitted, the '211 patent was not listed in the Orange Book.

13.     On January 8, 2008, Pentech sent its Paragraph IV notice letter ("Notice Letter-I") pursuant to 21 U.S.C. §355(j)(2)(B) to Genzyme offices located in Cambridge, Massachusetts and Middleton, Wisconsin, the latter facility was formerly known as Bone Care International, Inc. ("Bone Care, Inc."). Notice Letter-I stated, among other things, that the claims of the '116 patent are invalid, unenforceable and/or will not be infringed by the manufacture, use or sale of Pentech's Proposed Generic Product.

14.     Subsequently, Pentech transferred its interest in the ANDA to Cobrek.

15.     On February 21, 2008, Genzyme and Bone Care International, LLC ("Bone Care, LLC") sued Pentech in this Court for infringement of at least the '116 patent and then amended its Complaint on June 16, 2008 to include Cobrek as a Defendant (Civil Action No. 08-cv-1083).

16.     Genzyme asserts that it submitted to the FDA (1) an amendment to NDA No. 021-027 seeking approval from the FDA to change the formulation and packaging configuration

15

of its Hectorol® product; and (2) patent information for the '211 patent pursuant to 21 C.F.R. §314.53.

17.     Subsequently, the '211 patent was listed in the Orange Book for the Hectorol® product.

18.     On February 20, 2009, Cobrek amended its ANDA to include a Paragraph IV Certification of non-infringement, invalidity and/or unenforceability of the '211 patent.

19.     Also on February 20, 2009, Cobrek sent to Genzyme and Bone Care Inc. a Paragraph IV notice letter ("Notice Letter-II") concerning the non-infringement, invalidity and/or unenforceability of the '211 patent.

20.     On October 13, 2009 Cobrek filed with the United States Patent and Trademark Office ("USPTO") a Request for an *inter partes* Reexamination of the '211 patent ("Reexamination Request") in light of a number of substantial new questions of patentability of claims 1-6 of the '211 patent, as explained in more detail *infra*.

21.     Cobrek's Reexamination Request was assigned Reexamination Control No. 95001245.

22.     On November 24, 2009 Cobrek submitted another amendment to the ANDA which included Paragraph IV Certifications stating, that in Cobrek's opinion, the claims of the '116 and '211 patents, among others, are invalid, unenforceable, and/or will not be infringed by the manufacture, use or sale of Cobrek's Proposed Generic Product.

23.     Also on November 24, 2009, Cobrek sent to Genzyme and Bone Care Inc. a Paragraph IV notice letter ("Notice Letter-III") concerning the non-infringement, invalidity and/or unenforceability of the '116 and '211 patents, as well as other patents listed in the Orange Book for the Hectorol® product.

24.     On November 25, 2009, the USPTO granted Cobrek's Reexamination Request in Control No. 95001245.

25.     Also on November 25, 2009, the USPTO issued a communication in Cobrek's Reexamination Control No. 95001245 finding claims 1-6 of the '211 patent unpatentable and thus invalid in light of a number of substantial new questions of patentability raised by Cobrek in its Reexamination Request.

26.     On January 7, 2010, despite the USPTO finding all of the claims of the '211 patent invalid in light of a number of separate and independent substantial new questions of patentability, Genzyme sued Cobrek for technical infringement of both the '116 and '211 patents.

27.     On February 10, 2010, Cobrek submitted another amendment to the ANDA.

28.     In response to the USPTO November 24, 2009 Communication, on February 25, 2010 Genzyme filed with the USPTO its Patent Owner Response and Amendment (including declarations) in an attempt to overcome the USPTO's rejections. Genzyme attempted to add new claims 7-16 to the '211 patent.

29.     On March 24, 2010, Cobrek filed with the USPTO its Comments (including declarations) to Genzyme's February 25, 2010 Response and Amendment. In its Comments, Cobrek explained why the USPTO should maintain its rejections of unpatentability of claims 1-6 of the '211 patent and that newly added claims 7-16 should also be rejected as unpatentable for obviousness and other reasons.

30.     On April 24, 2010, the USPTO issued a communication entitled "Action Closing Prosecution" in Reexamination Control No. 95001245 in which it maintained its rejections of unpatentability of claims 1-6 of the '211 patent and further found new claims 7-16 also

unpatentable. Thus, the claims of the '211 patent are invalid and are not properly enforceable against Cobrek. The November 25, 2009 Communication and April 24, 2010 Action Closing Prosecution are collectively referred to herein as "Reexamination Communications."

## JURISDICTION AND VENUE

31.     This action arises under the Patent Laws of the United States of America.

32.     These counterclaims constitute an action for a declaratory judgment under 28 U.S.C. §§2201 and 2202, and arise under the Patent Laws of the United States, Title 35, United States Code.

33.     This Court has jurisdiction of these counterclaims under 28 U.S.C. §§1331 and 1338(a), and the Patent Laws of the United States, Title 35, United States Code.

34.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c), and 28 U.S.C. §1400(b).

35.     In the Complaint, Genzyme alleged that it is the owner of the '116 and '211 patents and alleged that Cobrek has infringed the '116 and '211 patents.

36.     As evidenced by the Complaint and this pleading in response thereto, an actual controversy exists between the parties with respect to the alleged infringement, invalidity and unenforceability of the '116 and '211 patents.

## COUNT I
### (Invalidity of the '116 Patent)

37.     The '116 patent is invalid under one or more provisions of 35 U.S.C. §101, *et seq.*

## COUNT II
### (Invalidity of the '116 Patent)

38.     The '116 patent is invalid under 35 U.S.C. §102.

**COUNT III**
**(Invalidity of the '116 Patent)**

39.     The '116 patent is obvious over the prior art under 35 U.S.C. §103 and, thus, is invalid.

**COUNT IV**
**(Invalidity of the '116 Patent)**

40.     The '116 patent is invalid under 35 U.S.C. §112.

**COUNT V**
**(Noninfringement of the '211 Patent)**

41.     The claims of the '211 patent claim pharmaceutical formulations. The '211 patent has 6 claims, where claims 1 and 6 are the only independent claims.

42.     Claim 1 of the '211 patent and claims 2, 3 and 5 that depend from claim 1 require that the claimed formulations include the lipophilic antioxidant butylated hydroxytoluene ("BHT") "at a concentration of about 20 to about 2000 ppm."

43.     Claims 4 and 6 of the '211 patent require that the claimed formulations include 20 ppm BHT.

44.     Cobrek's Proposed Generic Product, as amended, does not contain BHT "at a concentration of about 20 to about 2000 ppm" as required by claims 1, 2, 3 and 5 of the '211 patent. Nor does Cobrek's Proposed Generic Product, as amended, include 20 ppm BHT as required by claims 4 and 6 of the '211 patent.

45.     Cobrek's Proposed Generic Product, as amended, would not infringe any valid claim of the '211 patent because, among other reasons, Cobrek's Proposed Generic Product does not include BHT in the claimed concentrations of BHT, or a concentration of BHT that could be considered an equivalent to the claimed concentrations of BHT.

## COUNT VI
### (Invalidity of the '211 Patent)

46.     The '211 patent is invalid under one or more provisions of 35 U.S.C. §101, *et seq.*

## COUNT VII
### (Invalidity of the '211 Patent)

47.     The '211 patent is invalid under 35 U.S.C. §102.

## COUNT VIII
### (Invalidity of the '211 Patent)

48.     The '211 patent is obvious over the prior art under 35 U.S.C. §103 and, thus, is invalid.

49.     The '211 patent issued from United States Application No. 10/247,765 filed on September 18, 2002.

50.     The '211 patent has 6 claims.  Claims 1 and 6 are independent claims and claims 2-5 are dependent claims.

51.     Independent claims 1 and 6 of the '211 patent read as follows:

1.      A parenteral formulation, comprising a lipophilic drug which is doxercalciferol, a non-ionic solubilizer which is polysorbate 20 present at a concentration of about 0.05% to about 5% w/w, a lipophilic antioxidant which is butylated hydroxytoluene (BHT) present at a concentration of about 20 to about 2000 ppm, an optional agent which is ethanol present at a concentration of 0 to 30% w/w, and an aqueous vehicle.

6.      A parenteral formulation suitable for treatment of secondary hyperparathyroidism comprising 2-10 µg/mL of doxercalciferol 0.5%-2.5% w/w polysorbate 20, 20 ppm BHT and 2.5% w/w ethanol.

20

52.     On October 13, 2009, Cobrek filed a Reexamination Request with the USPTO

based on a number of substantial new questions of patentability of claims 1-6 of the '211 patent

based on the following prior art:

(1)     U.S. Patent No. 6,294,192 ("Patel"), issued September 25, 2001.

(2)     U.S. Patent No. 5,804,573 ("Silver"), issued September 8, 1998.

(3)     *Hectorol® Package Insert*, Madison, Wisconsin: Bone Care International; 1999.

(4)     *Physicians' Desk Reference,* 55th ed. Montvale, NJ: Thomson PDR; 2001:988-990.

(5)     U.S. Patent No. 5,182,274 ("Makino"), issued January 26, 1993.

(6)     U.S. Patent No. 5,472,957 ("Hesse I"), issued December 5, 1995.

(7)     U.S. Patent No. 3,901,928 ("Hesse II"), issued August 26, 1975.

(8)     U.S. Patent No. 3,384,545 ("Aiello"), issued May 21, 1968.

(9)     *Handbook of Pharmaceutical Excipients*, Wade, A. and Weller P.J, eds. Second Edition, American Pharmaceutical Association, Washington, 994, pages 7-9, 47-48.

(10)    *Rocaltrol® Package Insert,* Nutley, New Jersey, Roche Laboratories Inc. 1998.

(11)    WO 0206218 ("Knutson"), publication date January 24, 2002.

(12)    U.S. Patent No. 4,335,120 ("Holick"), issue date June 15, 1982.

53.     In the November 25, 2009 Reexamination Communication, the USPTO rejected

claims 1-6 of the '211 patent as obvious under 35 U.S.C. §103 and, therefore, invalid, as follows:

(1)     Ground #1:  Claims 1-6 were rejected under 35 U.S.C. §103 as unpatentable over Patel in view of Silver.

(2)     Ground #2:  Claims 1-2 and 5 were rejected under 35 U.S.C. §103 as unpatentable over Hetorol® Injection Package Insert and/or PDR in view of

Hesse I, further in view of Makino, Aiello and Wade.

(3)    Ground #3:   Claims 1-6 were rejected under 35 U.S.C. §103 as unpatentable over Hectorol® Injection Package Insert and/or PDR in view of Hesse I, further in view of Makino, Aiello, Wade, and further in view of Hesse II.

(4)    Ground #4:   Claims 1-6 were rejected under 35 U.S.C. §103 as unpatentable over Hectorol® Injection Package Insert and/or PDR in view of Rocaltrol® Package Insert, further in view of Makino, Aiello, Wade, and further in view of Hesse I and Hesse II.

(5)    Ground #5:   Claims 1-6 were rejected under 35 U.S.C. §103 as unpatentable over Hectorol® Injection Package Insert and/or PDR in view of Knutson, further in view of Makino, Aiello, Wade, and further in view of Hesse I and Hesse II.

54.    In the April 24, 2010 Action Closing Prosecution, the USPTO maintained its rejection of claims 1-6 as obvious under 35 U.S.C. §103 and thus, invalid and further rejected newly added claims 7-16 as obvious, as follows:

(1)    Ground #2:   Claims 1-2, 5 and 7 were rejected under 35 U. S. C. 103 as unpatentable over Hectorol® Injection Package Insert and/or PDR in view of Hesse I, further in view of Makino, Aiello and Wade.

(2)    Ground #3:   Claims 1-16 were rejected under 35 U.S.C. 103 as unpatentable over Hectorol® Injection Package Insert and/or PDR in view of Hesse I, further in view of Makino, Aiello, Wade, and further in view of Hesse II.

(3)    Ground #4:   Claims 1-16 were rejected under 35 U.S.C. 103 as unpatentable over Hectorol® Injection Package Insert and/or PDR in view of Rocaltrol® Package Insert, further in view of Makino, Aiello, Wade, and further in view of Hesse I and Hesse II.

(4)    Ground #5:    Claim 1-16 were rejected under 35 U.S.C. 103 as unpatentable over Hectorol® Injection Package Insert and/or PDR in view of Knutson, further in view of Makino, Aiello, Wade, and further in view of Hesse I and Hesse II.

55.    Additional reasons exist as to why the claims of the '211 patent are invalid for obviousness.

## COUNT IX
### (Invalidity of the '211 Patent)

56.    The '211 patent is invalid under 35 U.S.C. §112.

## COUNT X
### (Unenforceability of the '116 Patent)

57.    The '116 patent is unenforceable due to multiple grounds of inequitable conduct by the named co-inventors and attorneys who prosecuted the '116 patent and its ancestor applications, because of affirmative misrepresentations of material fact, failure to disclose material information, unclean hands, and/or the submission of false material information, made with intent to deceive and defraud the USPTO during prosecution of the application that matured into the '116 patent and the related applications that matured into the ancestor patents of the '116 patent as set forth in Defendants' Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Second Amended Complaint for Patent Infringement in Civil Action No. 08-cv-1083 (Docket No. 227) ("Answer/Counterclaims Lawsuit-I"). Cobrek incorporates by reference herein, as if fully set forth herein, ¶38 entitled "COUNT IV - Unenforceability of the '116 Patent" under the "Counterclaims" section of Answer/Counterclaims Lawsuit-I at pages 66-117.

## COUNT XI
**(§285 Claim For Attorneys' Fees Regarding The '116 Patent Based On Inequitable Conduct In The Prosecution Of The Patent)**

58.     Cobrek is entitled to an award of its attorneys' fees under 35 U.S.C. §285 because this case is "exceptional", *inter alia,* because Genzyme sued Cobrek on the '116 patent which Genzyme knew or should have known was invalid and obtained by fraud and inequitable conduct (as explained *supra* at ¶57) and because Cobrek is being forced to defend a second suit involving the '116 patent, forcing Cobrek to expend a substantial amount of duplicative time, effort and expenses.

## COUNT XII
**(§285 Claim For Attorneys' Fees Regarding The '116 Patent Based On Litigation Misconduct Because of Genzyme's Litigation-Driven And Untenable Position That The '116 Patent Is Entitled To A 1988 Priority Filing Date)**

59.     Genzyme has engaged in litigation misconduct by taking the position that the '116 patent is entitled to a 1988 priority filing date when such a priority date has no factual or legal support as set forth in the Answer/Counterclaims Lawsuit-I at Count IX, ¶¶136-151 (pages 147-153), which paragraphs/pages Cobrek incorporates by reference herein, as if fully set forth herein. By taking such an untenable position, Genzyme has made defending against the '116 patent more complex, forcing Cobrek to expend a substantial amount of duplicative time and money in defending this second lawsuit concerning the '116 patent. Such conduct rises to the level of making this an "exceptional" case further justifying an award of attorneys' fees to Cobrek under 35 U.S.C. §285.

**COUNT XIII**
**(Claim For Attorneys' Fees Regarding The '211 Patent Based On Filing**
**A Frivolous Suit And Attempting to Enforce The '211 Patent That**
**The USPTO Has Determined To Be Invalid)**

59.     Cobrek is entitled to an award of its attorneys' fees under 35 U.S.C. §285 because this case is "exceptional", *inter alia,* because Genzyme sued Cobrek on the '211 patent that Genzyme knew has been found invalid for a number of reasons by the USPTO in the November 25, 2009 and April 24, 2010 Reexamination Communications (as explained *supra* at ¶¶53 and 54) forcing Cobrek to begin defending a baseless lawsuit involving considerable time, effort and expenses.

60.     Cobrek is entitled to an award of its attorneys' fees under 35 U.S.C. §285 because this case is "exceptional" *inter alia* because Genzyme has maintained this suit on the '211 patent know that Cobrek's Proposed Generic Product, as amended, does not infringe any claim of the '211 patent for at least the reasons set forth in ¶¶ 44-45, *supra.*

**PRAYER FOR RELIEF**

**WHEREFORE,** Counterclaim-Plaintiffs request that this Honorable Court:

(a)     Deny Genzyme all requested relief and dismiss the Complaint with prejudice;

(b)     Adjudge and decree that the '116 and '211 patents are not infringed.

(c)     Adjudge and decree that the '116 patent is invalid.

(d)     Adjudge and decree that the '211 patent is invalid, at least, for the reasons determined by the USPTO in the November 25, 2009 and April 24, 2010 Reexamination Communications.

(e)     Adjudge and decree that the '116 patent is unenforceable.

(f)     Order that the effective date of the approval of Cobrek's Abbreviated New Drug Application (ANDA) No. 90-040 is immediate under §505(j) of the Federal, Food, Drug and

Cosmetic Act, 21 U.S.C. §355(j), upon a statement by the FDA that it is otherwise ready to approve the ANDA.

(g)     Enjoin Genzyme from enforcing the '116 and '211 patents in the future.

(h)     Find that this case is exceptional under 35 U.S.C. §285, *inter alia,* because Genzyme has sued Cobrek on patents Genzyme knew or should have known were invalid and/or obtained by fraud and inequitable conduct, and because Cobrek has been forced to defend such suit, expending considerable time, effort and expenses in so doing;

(i)     Award Cobrek its attorneys' fees, expert witness fees, costs and interest under 28 U.S.C. §§ 1919 and 1927, Fed. R. Civ. P. 54(d) and/or the Court's inherent power.

(j)     Grant such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Counterclaim-Plaintiff Cobrek requests a jury trial on all issues so triable.


Dated: May 5, 2010

                        Respectfully submitted,


                        By____/s/ Mona Gupta_____
                            Robert S. Silver
                            Robert W. Stevenson, *Ill. Reg. No. 6195238*
                            Bruce J. Chasan
                            Mona Gupta
                            CAESAR, RIVISE, BERNSTEIN,
                            COHEN & POKOTILOW, LTD.
                            1635 Market Street, 11th Floor
                            Philadelphia, PA  19103
                            Telephone: (215) 567-2010
                            Facsimile: (215) 741-1142
                            *rssilver@crbcp.com*
                            *rwstevenson@crbcp.com*
                            *bjchasan@crbcp.com*
                            *mgupta@crbcp.com*

476981_1

Robert B. Breisblatt
Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661
Telephone: (312) 902-5480
Facsimile: (312) 577-8792
Robert.Breisblatt@kattenlaw.com

*Attorneys for Defendant Cobrek
Pharmaceuticals, Inc.*

476981_1

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2010, a true and correct copy of **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** is being electronically filed and sent via electronic mail to the individuals listed below. Notice of this filing will be sent to the following by operation of the Court's electronic filing system.

Frederick H. Cohen, Esq.
Brian D. Fagel, Esq.
GOLDBERG KOHN LTD.
55 East Monroe, Suite 3300
Chicago, IL 60603
*brian.fagel@goldbergkohn.com*
*frederick.cohen@goldbergkohn.com*
*david.lidow@goldbergkohn.com*


Robert L. Baechtold, Esq.
Scott K. Reed, Esq.
Filko Prugo, Esq.
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
*rbaechtold@fchs.com*
*sreed@fchs.com*
*fprugo@fchs.com*


/s/ Mona Gupta
Mona Gupta